FILED

MAR 1 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHANNON LONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 05-205 (RJL) |
| | ) | |
| DEWAYNE MCGOWEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REVISED MEMORANDUM OPINION AND ORDER
(March 13, 2006) [#9]

Plaintiff, Shannon Loney, brought this action against defendants, DeWayne McGowen and the Washington Metropolitan Area Transit Authority ("WMATA"), seeking one million dollars for injuries sustained in a traffic collision between plaintiff and defendant McGowen, while defendant McGowen was working for WMATA. Presently before the Court is defendant McGowen's motion to dismiss claiming that defendant McGowen is immune for liability under Section 80 of the WMATA Compact codified at § 9-1107.01 in the District of Columbia Code. D.C. Code § 9-1107.01 (2006)(formerly § 1-2431). For the following reasons, the Court GRANTS defendant McGowen's motion to dismiss.

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the court may treat the motion as conceded. LCvR. 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the

D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's...motion, the court treats the motion as conceded and grants the motion." *Id.* (citations omitted).  Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary; and our Circuit Court has noted that "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In light of the fact that plaintiff failed to file an opposition to defendant McGowen's motion to dismiss, even when the Court issued an Order requiring the plaintiff to do so or face the consequences of it being treated as conceded, (*See* Dkt.10), the Court will treat defendant McGowen's motion as conceded. LCvR 7(b).  Therefore, in light of the plaintiff's concession and based on a review of the pleadings, the relevant law cited therein, and the record, the Court finds in favor of defendant McGowen and GRANTS [#9] defendant McGowen's motion to dismiss.  An appropriate Order will issue with this Memorandum Opinion.

## ORDER

For the reasons set forth above, it is this 13th day of March, 2006, hereby

**ORDERED** that the Memorandum Opinion [#13] and Final Judgment [#14] issued on February 27, 2006, are hereby **VACATED**, and it is further

**ORDERED** that the defendant McGowen's [#9] motion to dismiss is **GRANTED**,

and it is further

ORDERED that the Complaint is DISMISSED as to defendant McGowen, and it is

futher

ORDERED that the case be reopened as to defendant WMATA.

SO ORDERED.

RICHARD J. LEON
United States District Judge